UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBIN LEE BENJAMIN,

Petitioner,

v.

STATE OF NEVADA,

Respondent.

Case No. 3:16-cv-00024-MMD-VPC

ORDER

## I.  INTRODUCTION

In this habeas corpus action, brought *pro se* by Robin Lee Benjamin, the respondents filed a motion to dismiss on March 16, 2016 (ECF No. 8). In the motion to dismiss, respondents argue: that the respondent named by Benjamin in her petition — the State of Nevada — is not a proper respondent in this action, and that the Court, therefore, lacks personal jurisdiction; that Benjamin has not exhausted state-court remedies with respect to any of her claims; and that certain of Benjamin's claims are not cognizable in this federal habeas corpus action, because they are based on alleged violations of Benjamin's rights under state law. The parties have fully briefed the motion to dismiss. Additionally, Benjamin has filed an amended petition for writ of habeas corpus (ECF No. 17), naming additional respondents, but otherwise setting forth the same claims as in her original petition, and respondents move to strike the amended petition (ECF No. 18). The Court will deny respondents' motion to strike, and will grant respondents' motion to dismiss in part and deny it in part. The Court will dismiss

Benjamin's claims based on alleged state constitutional violations. The Court will grant Benjamin an opportunity to make an election with respect to her unexhausted claims.

## II. BACKGROUND

On March 24, 2010, Benjamin was charged in an indictment, in Nevada's Second Judicial District Court, with the crime of exploitation of an older or vulnerable person. *See* Indictment, Exh. 4 (ECF No. 9-4) (The exhibits cited in this order were filed by respondents and are located in the record at ECF Nos. 9 through 14.). Benjamin was arraigned on April 29, 2010, and she pled not guilty. *See* Reporter's Transcript, April 29, 2010, Exh. 14 (ECF No. 9-14). Benjamin was tried before a jury in December of 2010. *See* Trial Transcripts, Exhs. 31, 32, 33, 34, 36, 38, 40, 43, 46, 55 (ECF Nos. 10-5, 10-6, 10-7, 10-8, 10-10, 10-12, 10-14, 10-17, 10-20, 11-4). The jury rendered its verdict on December 16, 2010, finding Benjamin guilty. *See* Verdict, Exh. 57 (ECF No. 11-6). Benjamin was sentenced on March 10, 2011. *See* Transcript of Sentencing, Exh. 63 (ECF No. 11-12). She was sentenced to ten years in prison, with parole eligibility after two years. *See id.* at 37 (ECF No. 11-12 at 38); Judgment of Conviction, Exh. 64 (ECF No. 11-13). Her sentence also includes payment of $675.00 in fees, and $181,864.00 in restitution, the restitution to be paid jointly and severally by Benjamin and her co-defendant. *See* Judgment of Conviction, Exh. 64 (ECF No. 11-13).

Benjamin appealed. *See* Notice of Appeal, Exh. 69 (ECF No. 11-18); Fast Track Statement, Exh. 81 (ECF No. 12-5). The Nevada Supreme Court affirmed the judgment of conviction on February 9, 2012. *See* Order of Affirmance, Exh. 89 (ECF No. 12-13). The Nevada Supreme Court denied rehearing on July 31, 2012. *See* Order Denying Rehearing, Exh. 96 (ECF No. 12-20).

On May 20, 2013, Benjamin filed, in the state district court, a motion for modification of her sentence. *See* Motion for Modification of Sentence, Exh. 104 (ECF No. 13-3). The state district court denied that motion on July 9, 2013. *See* Order Denying Motion for Modification of Sentence, Exh. 109 (ECF No. 13-8).

///

On August 16, 2013, Benjamin filed, in the state district court, a petition for writ of habeas corpus. *See* Petition for Writ of Habeas Corpus, Exh. 110 (ECF No. 13-9). The state district court appointed counsel to represent Benjamin in that action. *See* Order Granting Motion, Exh. 116 (ECF No. 13-15); Recommendation and Order for Appointment of Counsel, Exh. 117 (ECF No. 13-16). With counsel, Benjamin elected not to supplement her petition. *See* Notice to Court of No Supplement, Exh. 119 (ECF No. 13-18). The state district court held an evidentiary hearing on May 27, 2015. *See* Transcript of Proceedings, May 27, 2015, Exh. 133 (ECF No. 14-7). On June 4, 2015, the state district court entered a written order, denying Benjamin's state habeas petition. *See* Findings of Fact, Conclusions of Law and Judgment Denying Petition, Exh. 135 (ECF No. 14-9). Benjamin appealed. *See* Notice of Appeal, Exh. 136 (ECF No. 14-10); Fast Track Statement, Exh. 141 (ECF No. 14-15). The Nevada Court of Appeals affirmed on November 19, 2015. *See* Order of Affirmance, Exh. 144 (ECF No. 14-18).

This Court received Benjamin's federal habeas petition, initiating this action, on January 21, 2016 (ECF No. 1). Benjamin's petition asserts the following fourteen grounds for relief:

    1.    Benjamin's state and federal constitutional rights were violated because she was unable to hear trial proceedings and, therefore, unable to participate in her defense. Petition for Writ of Habeas Corpus (ECF No. 1 at 5.)

    2.    Benjamin's state and federal constitutional rights were violated, as a result of ineffective assistance of counsel, because her trial counsel failed to ensure that she could adequately hear the trial proceedings. (*Id.* at 6.)

    3.    Benjamin's state and federal constitutional rights were violated, as a result of ineffective assistance of counsel, because her trial counsel failed to call available character witnesses on her behalf, and failed to put on a character defense. (*Id.* at 8.)

    4.    Benjamin's state and federal constitutional rights were violated, as a result of ineffective assistance of counsel, because her trial counsel failed to object to or supplement the incomplete jury instructions regarding conspiracy and/or aiding and abetting. (*Id.* at 10.)

    5.    Benjamin's state and federal constitutional rights were violated because the trial court failed to instruct the jury that there was no criminal aiding and abetting if the actions at issue were not criminal. (*Id.* at 11.)

6. Benjamin's state and federal constitutional rights were violated, as a result of ineffective assistance of counsel, because her trial counsel failed to object on relevance grounds to the repeated admission of evidence related to the victim's state of mind when she executed a power of attorney. (*Id.* at 12.)

7. Benjamin's state and federal constitutional rights were violated because of the State's tampering with and/or coaching of witnesses, and the trial court's failure to adequately investigate or order a remedy. (*Id.* at 14.)

8. Benjamin's state and federal constitutional rights were violated, as a result of ineffective assistance of counsel, because her trial counsel failed to properly follow through with a hearing and/or a motion for a remedy regarding the State's tampering with and/or coaching of witnesses. (*Id.* at 16.)

9. Benjamin's federal constitutional rights were violated because the trial court was biased and/or displayed bias against Benjamin and/or her counsel. (*Id.* at 18.)

10. Benjamin's federal constitutional rights were violated because of repeated acts of prosecutorial misconduct. (*Id.* at 19.)

11. Benjamin's state and federal constitutional rights were violated because of prosecutorial misconduct in misstating the law as to juror unanimity, and because of ineffective assistance of her counsel in failing to object. (*Id.* at 21.)

12. Benjamin's federal constitutional rights were violated because her sentence was imposed under the influence of passion, prejudice and/or arbitrary factors. (*Id.* at 23.)

13. Benjamin's federal constitutional rights were violated because the Nevada Supreme Court failed to conduct a fair and adequate appellate review. (*Id.* at 24.)

14. Benjamin's federal constitutional rights were violated as a result of the cumulative effect of the errors identified above. (*Id.* at 25.)

Respondents filed their motion to dismiss (ECF No. 8) on March 16, 2016. Benjamin filed an opposition to the motion on May 12, 2016 (ECF No. 19). Respondents filed a reply on May 27, 2016 (ECF No. 20).

Also, in response to respondents' motion to dismiss, Benjamin filed an amended petition for writ of habeas corpus on May 6, 2016 (ECF No. 17). On May 9, 2016, respondents filed a motion to strike the amended petition (ECF No. 18). Benjamin did not respond to the motion to strike.

///

4

## III. DISCUSSION

### A. Benjamin's Claims Based on State Constitutional Violations

Respondents argue in their motion to dismiss that Benjamin's claims in Grounds 1-8 and 11, are not cognizable in this federal habeas corpus action to the extent they are based on alleged violations of the Nevada Constitution. *See* Motion to Dismiss (ECF No. 8), p. 10.

Federal habeas corpus relief may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on alleged violations of state law are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Hinman v. McCarthy*, 676 F.2d 343, 348-50 (9th Cir.), *cert. denied*, 459 U.S. 1048 (1982) (alleged violation of state constitution not cognizable in federal habeas action).

Benjamin's claims, in Grounds 1-8 and 11, of violations of her rights under the Nevada Constitution are not cognizable in this federal habeas corpus action, and will be dismissed.

### B. Exhaustion of Claims in State Court

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

Respondents claim in their motion to dismiss that Benjamin has not exhausted any of the grounds in her petition in state court. *See* Motion to Dismiss at 5-9.

The Court has examined the record of Benjamin's state court litigation, and finds that, on her direct appeal and her appeal in her state habeas action she presented only three claims.

On her direct appeal to the Nevada Supreme Court, Benjamin claimed that, in violation of both her state-law rights and her federal constitutional rights, the State presented insufficient evidence at trial to prove beyond a reasonable doubt that she either conspired with or aided and abetted her co-defendant. *See* Fast Track Statement, Exh. 81 at 30-39 (ECF No. 12-5 at 31-40). However, Benjamin does not assert any such claim in this case. *See* list of claims asserted by Benjamin, above.

The one other claim that Benjamin asserted on her direct appeal was that the trial court did not properly instruct the jury regarding the legal concept of "conspiracy." *See* Fast Track Statement, Exh. 18 at 30, 40-43 (ECF No. 12-5 at 31, 41-44). However, Benjamin did not, in that claim before the Nevada Supreme Court, assert any violation of her federal constitutional rights. To satisfy the exhaustion requirement, a petitioner must fairly present her claim to the state court, and fair presentation requires that the petitioner identify the federal legal basis for her claim. *See Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The petitioner must alert the state court that she is asserting a federal claim; mere similarity between a state-law claim and a federal-law claim is insufficient. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). In making this claim regarding the jury instructions, in the state supreme court, Benjamin did not exhaust any federal constitutional claim that would be cognizable in this federal habeas corpus action.

Finally, on the appeal in her state habeas action, Benjamin asserted only one claim: that her federal constitutional rights were violated, on account of ineffective assistance of counsel, because her trial counsel did not ensure that she could adequately hear and meaningfully participate in her trial. *See* Fast Track Statement,

Exh. 141 at 7-10 (ECF No. 14-15 at 8-11). This claim by Benjamin, on the appeal in her state habeas action, served to exhaust the claim that she asserts as Ground 2 in this case. *See* Petition for Writ of Habeas Corpus (ECF No. 1) at 6-8.

Other than these three claims — only one of which exhausted a claim made by Benjamin in this case — there is no indication in the record of Benjamin presenting any other claim regarding her conviction or sentence on appeal in state court.

The Court, then, determines that only one of Benjamin's claims, Ground 2, is exhausted in state court. Grounds 1 and 3-14 are unexhausted.

The Court will require Benjamin to make an election with respect to her unexhausted claims. With respect to the unexhausted claims, Benjamin must elect to do one of the following: (1) file a notice stating that she wishes to abandon her unexhausted claims, and proceed in this action with the litigation of her exhausted claim; or (2) file a motion for a stay, under *Rhines v. Weber*, 544 U.S. 269 (2005), requesting a stay of this action while she exhausts her unexhausted claims in state court.

Benjamin is warned that, if she does not make this election, as required, within the time allowed, the Court will dismiss her entire action, "without prejudice," pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). Benjamin is further warned that if this action is dismissed in its entirety, nominally "without prejudice," she may be barred by the statute of limitations from ever initiating any subsequent federal habeas corpus action regarding the conviction and sentence that are the subject of this case. That is because, unless there is some form of tolling available to Benjamin that is not now apparent to the Court, the limitations period imposed by 28 U.S.C. § 2244(d) has either already run out or will likely run out before a new federal habeas action could be initiated. A federal habeas corpus petition does not toll the statute of limitations relative to a subsequent federal habeas action. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)").

If Benjamin elects to file a motion for a stay, she must make a showing that a stay is warranted under *Rhines*. In *Rhines*, the Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> * * *
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78. In short, in a motion for stay, Benjamin would have to show (1) that there was good cause for her failure to exhaust her unexhausted claims, (2) that her unexhausted claims are not plainly meritless, and (3) that she has not engaged in intentionally dilatory litigation tactics.

### C. Benjamin's Amended Petition

Respondents argue in their motion to dismiss that, in her original habeas petition (ECF No. 1), Benjamin named an improper respondent, the State of Nevada. *See* Motion to Dismiss at 5. Respondents argue that, because of this, the Court should dismiss Benjamin's petition for lack of personal jurisdiction, or, in the alternative, allow Benjamin to amend her petition in order to name a proper respondent. *See id*.

It appears that Benjamin is currently on parole. Therefore, as respondents point out in their motion to dismiss, the proper respondents include Benjamin's parole officer, the official in charge of the parole agency, and the state correctional agency. *See Ortiz-*

*Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), citing Rule 2, Advisory Committee Notes, Rules Governing Section 2254 Cases in the United States District Courts ("The named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate."). The State of Nevada is not a proper respondent.

Benjamin filed an amended petition for writ of habeas corpus on May 6, 2016 (ECF No. 17). Benjamin's amended petition names as respondents, in addition to the State of Nevada: the Nevada Attorney General; the Department of Parole and Probation; a parole officer; and Natalie Wood, who is the officer in charge of the Department of Parole and Probation. *See* Amended Petition for Writ of Habeas Corpus (ECF No. 17) at 1. In all other respects, Benjamin's amended petition is identical to her original petition.

As the amended petition cures the defect concerning the named respondents, and makes no other changes, the Court will deny respondents' motion to strike the amended petition (ECF No. 18). This action will proceed on the amended petition. As is discussed above, Benjamin's claims based on alleged state constitutional violations will be dismissed, and Benjamin will be directed to make an election with regard to her unexhausted claims.

**IV.     CONCLUSION**

It is therefore ordered that respondents' motion to strike (ECF No. 18) is denied.

It is further ordered that respondents' motion to dismiss (ECF No. 8) is granted in part and denied in part. Petitioner's claims, in Grounds 1-8 and 11, to the extent based on alleged violations of her rights under the Nevada Constitution, are dismissed. The Court finds petitioner's remaining claims in Grounds 1 and 3-14 to be unexhausted; the Court will grant petitioner an opportunity to make an election with respect to those claims. In all other respects, respondents' motion to dismiss is denied.

///

1 | It is further ordered that, with respect to Grounds 1 and 3-14, which are unexhausted in state court, petitioner must, within sixty (60) days from the date of this order, make an election; within that time, petitioner must do one of the following: (1) file a notice stating that she wishes to abandon Grounds 1 and 3-14, and proceed with this action with regard to her remaining claim in Ground 2, or (2) file a motion for a stay, requesting that this case be stayed while she exhausts her unexhausted claims in state court. If petitioner does not make that election within the time allowed, the Court will dismiss this entire action, without prejudice, pursuant to *Rose v. Lundy*, 455 U.S. 509.

DATED THIS 3rd day of October 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE